## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____
                                    :
DARRYL KELLAM,                      :    CIVIL ACTION
                                    :
              Petitioner,           :
                                    :
         v.                         :    NO. 08-3755
                                    :
JOHN KERESTES, SUPERINTENDENT,      :
et al,                              :
                                    :
              Respondents.          :
_____   :


ARNOLD C. RAPOPORT
UNITED STATES MAGISTRATE JUDGE

### REPORT AND RECOMMENDATION

        Presently before the Court is a _pro se_ Petition for

Writ of Habeas Corpus filed by the Petitioner, Darryl Kellam

("Petitioner"), pursuant to 28 U.S.C. section 2254.  Petitioner

is currently incarcerated in the State Correctional Institution

at Mahanoy.  For the reasons that follow, it is recommended that

the Petition should be denied with prejudice and dismissed

without an evidentiary hearing.

I.        **PROCEDURAL HISTORY**.[1]

        On November 10, 1995, a jury in the Court of Common

Pleas of Philadelphia County convicted Petitioner of first degree

murder and possessing an instrument of a crime stemming from the

_____

        [1] This information is taken from the Petition for Writ of Habeas Corpus,
Petitioner's "Memorandum of Law in Support of Petitioner's Writ of Habeas
Corpus," Respondents' Response, and the exhibits attached to those pleadings.

murder of Damon Rodriguez.[2]  On November 13, 1995, the Honorable
Jane Cutler Greenspan sentenced Petitioner to life imprisonment
for murder and a concurrent sentence of two and one-half to five
years for possessing an instrument of crime.

Petitioner appealed to the Pennsylvania Superior Court,
and on April 4, 1997, the Superior Court affirmed his judgment of
sentence.  Petitioner sought allocatur from the Pennsylvania
Supreme Court, which was denied on August 5, 1997.  Petitioner's
conviction became final on direct review when the time in which
he could seek review to the United States Supreme Court expired,
on November 3, 1997.

Petitioner filed a pro se petition under the
Pennsylvania Post-Conviction Relief Act ("PCRA"), see 42 Pa.
C.S.A. § 9541, on September 25, 1998.  Counsel was appointed and
an amended PCRA petition was filed.  On May 24, 2000,
Petitioner's PCRA petition was denied.  Petitioner filed a timely

---

[2]  The Superior Court's April 4, 1997 opinion stated the facts as
follows:

> On April 30, 1994, [Petitioner] shot Damon Rodriguez six times
> inside a well-lit take-out restaurant at Jefferson and Franklin
> Streets in Philadelphia.  Three weeks later, three eyewitnesses
> identified [Petitioner] as the shooter from photographic arrays.
> Eduardo Ruiz and Shawn Campbell, both acquainted with
> [Petitioner], were in the restaurant when they saw [Petitioner]
> enter and pull out a pistol.  Campbell quickly stepped outside,
> heard gunshots and saw [Petitioner] flee the restaurant; Ruiz
> watched [Petitioner] execute the victim.  Orlando Agron watched
> [Petitioner] enter the restaurant, heard gunshots and saw
> [Petitioner] run away.

Commonwealth v. Kellam, 698 A.2d 666 (table) (Pa. Super. 1997)(unpublished
memorandum).

2

appeal to the Superior Court.

On July 1, 2000, while the appeal of Petitioner's first PCRA petition was still pending in the Superior Court, Petitioner filed a second pro se PCRA petition.  On September 1, 2000, Petitioner filed a Praecipe to Discontinue his appeal in the Superior Court, and on September 6, 2000, the Superior Court discontinued Petitioner's PCRA appeal.[3]  On October 19, 2000, Petitioner's second PCRA petition was dismissed by the state court.  Petitioner did not appeal the dismissal of his second PCRA petition.

Petitioner then waited over five years before filing his third pro se PCRA petition on February 1, 2006.  This petition was dismissed by the state court as untimely on December 15, 2006.  The Superior Court affirmed the dismissal of Petitioner's third PCRA petition on November 16, 2007.

Petitioner signed his Petition for Writ of Habeas Corpus on August 7, 2008.[4]  On September 2, 2008, the Honorable Berle M. Schiller then referred this matter to the undersigned for preparation of a Report and Recommendation.  In his Petition, Petitioner alleged the following:  ineffective assistance of

---

[3] Petitioner claims that his appellate counsel, James E. Mugford, Esq., filed the Praecipe to Discontinue without Petitioner's knowledge or consent.  (Pet's Memo of Law at pp. 2-3.)  This issue will be discussed in more detail below.

[4] On the same date, Petitioner signed a document that he called a "Memorandum of Law in Support of Petition for Writ of Habeas Corpus." ("Memo of Law").

trial/direct appeal counsel, improper use of inadmissible hearsay evidence at trial, trial court error in denying Petitioner's motion to suppress identification testimony, and Petitioner's factual and legal innocence.  See Pet. at pp. 9-10.  On November 14, 2008, Respondents filed a Response to the Petition for Writ of Habeas Corpus, contending that the Petition should be denied as untimely.

II.      **DISCUSSION**.

    **A.  The Federal Habeas Corpus Petition at Issue is Statutorily Time-barred**

        Petitioner's case must be decided pursuant to the terms of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which was enacted April 24, 1996.  Pub.L. 104-132, 110 Stat. 1214.  Section 104(2) of the AEDPA amended 42 U.S.C. section 2254, the statute under which this Petition was filed, and requires that federal courts give greater deference to a state court's legal determinations.  The AEDPA also amended 28 U.S.C. section 2244, to require that a strict one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court.[5]  In this case, the applicable starting point to examine

_____

        [5]    28 U.S.C. section 2244 requires that:

        (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

the limitation period is the latest date on which the judgment of sentence became final, either by the conclusion of direct review or the expiration of the time for seeking such review.  See 28 U.S.C. § 2244(d)(1).

Petitioner's conviction became final on direct review on November 3, 1997, after he failed to seek review by the United States Supreme Court and his time to seek such relief expired. See 28 U.S.C. § 2244(d)(1)(A); 42 Pa. C.S.A. § 9545(b)(3); S. Ct. R. 13(1) (stating that Petitioners have ninety days in which to file a petition for writ of certiorari in the United States Supreme Court).  Accordingly, the one-year time limit for Petitioner to timely file a federal Petition for Writ of Habeas Corpus began on November 3, 1997, and he had until November 3,

---

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  If direct review of a criminal conviction ended prior to the AEDPA's effective date, a prisoner has one year subsequent to the April 24, 1996 effective date to properly file a habeas action.  Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998).

1998 to timely file a federal Petition.

There is an exception in the habeas statute for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). Petitioner's first PCRA petition, filed on September 25, 1998, was pending until September 6, 2000. Petitioner's second PCRA petition, which overlapped with his first PCRA petition, was filed on July 1, 2000, and was pending until October 19, 2000. Thus, the statute of limitations was tolled from September 25, 1998, until November 18, 2000, when the time for appealing the dismissal of Petitoner's second PCRA petition to the Pennsylvania Supreme Court ended. See Swartz v. Meyers, 204 F.3d 417, 418 (3d Cir. 2000)(holding PCRA petition is pending during time between lower court ruling on petition and expiration of time for seeking review, even though petitioner does not actually seek such review). Beginning on November 18, 2000, Petitioner had one year to timely file his habeas petition.[6] Petitioner filed the instant Petition on August 7, 2008, over seven years after the expiration of the AEDPA filing

---

[6] Petitioner's third PCRA petition, because it was filed on February 1, 2006, and therefore untimely, cannot be considered properly filed, and therefore the time during which that petition was pending cannot be included in the tolling period. Merritt v. Blaine, 326 F.3d 157, 166 (3d Cir.), cert. denied, 124 S.Ct. 317 (2003).

deadline.[7]  Thus, even with the benefit of statutory tolling, the Petition is time-barred.

**B.  The Federal Habeas Corpus Petition at Issue is Not Eligible for Equitable Tolling**

The AEDPA's one-year statute of limitations is also subject to equitable tolling.  Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir.), cert. denied, 540 U.S. 921 (2003) (holding AEDPA's time limit is subject to the doctrine of equitable tolling, a judicially crafted exception).  The limitation period will be equitably tolled when the principles of equity would make the rigid application of a limitation period unfair.  Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999).

This Court must examine whether the AEDPA statute of limitations should be *equitably* tolled to consider the Petition timely filed.  Robinson v. Johnson, 313 F.3d 128, 134 (3d Cir. 2002), cert. denied, 540 U.S. 826 (2003)(citing Miller v. New Jersey State Dep't of Corr., 145 F.3d 616, 617-618 (3d Cir. 1998)(citation omitted).  Courts must be sparing in their use of equitable tolling.  Seitzinger v. Reading Hosp. & Med. Ctr., 165 F.3d 236, 239 (3d Cir. 1999).  In fact, the United States Court of Appeals for the Third Circuit has held that equitable tolling is proper "only in the rare situation where [it] is demanded by

---

[7]  Even if the time during which Petitioner's third PCRA petition was pending is added to the time computation for tolling of the statute of limitations, the instant Petition is still time-barred.

sound legal principles as well as the interests of justice."
<u>United States v. Midgley</u>, 142 F.3d 174, 179 (3d Cir. 1998)
(citation omitted).  The Petitioner "must show that he . . .
'exercised reasonable diligence in investigating and bringing
[his] claims.'  Mere excusable neglect is not sufficient."
<u>Miller</u>, 145 F.3d at 618 (quoting <u>New Castle County v. Halliburton</u>
<u>NUS Corp.</u>, 111 F.3d 1116, 1126 (3d Cir. 1997) and <u>citing</u> <u>Irwin v.</u>
<u>Dep't of Veterans Affairs</u>, 498 U.S. 89, 96 (1990)).

        The Third Circuit has set forth the following three
circumstances in which equitable tolling is permitted: (1) if the
[Respondent] has actively misled the [Petitioner]; (2) if the
[Petitioner] has in some extraordinary way been prevented from
asserting his rights, or (3) if the [Petitioner] has timely
asserted his rights mistakenly in the wrong forum.  <u>Fahy v. Horn</u>,
240 F.3d 239, 244 (3d Cir. 2001), <u>cert.</u> <u>denied</u>, 534 U.S. 944
(2001)(<u>citing</u> <u>Jones</u>, 195 F.3d at 159 (citations omitted)).  "In
non-capital cases, attorney error, miscalculation, inadequate
research, or other mistakes have not been found to rise to the
'extraordinary' circumstances required for equitable tolling."
<u>Fahy</u>, 240 F.3d at 244.  The habeas petitioner bears the burden of
demonstrating both his entitlement to equitable tolling and his
due diligence.  <u>Pace</u>, 544 U.S. at 418; <u>Cooper v. Price</u>, 82
Fed.Appx. 258, 260 (3d Cir. 2003); <u>Brown v. Cuyler</u>, 669 F.2d 155,
158 (3d Cir. 1982); <u>United States v. Soto</u>, 159 F.Supp.2d 39, 45

(E.D. Pa. 2001) (Van Antwerpen, J.).

Petitioner argues that he is entitled to equitable tolling due to ineffectiveness of his PCRA counsel. Petitioner does not explicitly argue that he is entitled to equitable tolling due to actual innocence, but his Petition states that he is "legally and factually innocent" (See Petition, p. 9). Further, Petitioner's Memo of Law states that he is "entitled to a new trial . . . because he is factually and legally innocent." Memo of Law, p. 13. Therefore, we assume Petitioner is arguing that equitable tolling should apply due to his actual innocence and due to the ineffectiveness of his PCRA counsel. An analysis of both arguments shows that equitable tolling does not apply in the instant situation, and Petitioner's Petition is clearly time-barred.

> a.  Actual Innocence

Neither the United States Supreme Court nor the Third Circuit has addressed whether there is an "actual innocence" exception to the AEDPA statute of limitations. See LaCava v. Kyler, 398 F.3d 271, 274 n.3 (3d Cir. 2005) (declining to address whether petitioner's actual innocence claim could overcome AEDPA time bar); Hussman v. Vaughn, 67 Fed. Appx. 667, 669 (3d Cir.) (finding petitioner had no basis to assert an actual innocence claim and declining to rule on issue)(not precedential), cert. denied, 540 U.S. 930 (2003). Assuming, arguendo, that an actual

innocence exception does apply to the AEDPA statute of limitations, Schlup v. Delo, 513 U.S. 298, 321-324 (1995), requires that a petitioner must present "new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - that was not presented at trial" showing that "it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt." Id. at 324, 327.

        We find that the evidence Petitioner contends he has in support of his actual innocence does not satisfy the stringent standard set forth in Schlup. First, Petitioner does not have any new evidence which was not previously available to him. The evidence on which Petitioner relies to support his claim of actual innocence is several alibi witnesses who were not presented at trial who allegedly would establish Petitioner's whereabouts at the time of the murder. Memo of Law, pp. 13-14. Petitioner also claims that a video surveillance camera located at a gas station where he allegedly was at the time of the murder would also support his alibi defense. Memo of Law, p. 14. All of this evidence was available to Petitioner at the time of his trial. As this alleged alibi evidence could have been discovered over twelve years ago if Petitioner and his counsel had acted diligently, it cannot be considered "new" evidence under Schulp.

        Second, even if we assume that this evidence could be

considered reliable, it cannot be said that it is more likely than not that no reasonable juror would have found Petitioner guilty beyond a reasonable doubt.  Three eye witnesses identified Petitioner as the shooter in this case.  We find three eye witnesses to be overwhelming evidence that Petitioner was the individual who committed the murder.  It is certain that at least one reasonable juror, when presented with all of the evidence of Petitioner's involvement in the murder, combined with this alleged alibi evidence that was not presented at trial, would still have chosen to find Petitioner guilty beyond a reasonable doubt.

Based upon all of the above evidence that serves to establish Petitioner's guilt, we find that there is no question that at least one reasonable juror would still have convicted Petitioner if this alleged alibi evidence had been presented to them.  Therefore, Petitioner fails to meet the actual innocence exception (assuming one exists) to the AEDPA statute of limitations.

  b.  <u>PCRA counsel ineffectiveness</u>

Petitioner also contends that he is entitled to equitable tolling in this matter because his PCRA counsel was ineffective by discontinuing his collateral appeal without consulting with Petitioner or advising Petitioner of said discontinuance.  <u>See</u> Pet's Memo of Law, pp. 2-3.  Petitioner

11

claims that he only learned that his PCRA counsel discontinued his collateral appeal after he filed a second PCRA petition, at which time he was advised that the Superior Court had discontinued his appeal after his counsel filed a praecipe to discontinue.  Pet's Memo of Law, p. 2.  In short, Petitioner is arguing that he is entitled to equitable tolling in this matter due to ineffectiveness of his PCRA counsel.

First, we find that the alleged conduct of Petitioner's PCRA counsel does not give rise to equitable tolling.  As noted above, "in a non-capital case, . . . 'attorney error, miscalculation, inadequate research, or other mistakes,' do not constitute extraordinary circumstances required for equitable tolling."  Traub v. Folio, No. 04-386, 2004 WL 817067, at *3 (E.D. Pa. Apr. 13, 2004)(quoting Fahy, 240 F.3d at 244 and citing Johnson v. Hendricks, 314 F.3d 159, 163 (3d Cir. 2002)("an attorney's mistake in determining the date a habeas petition is due" does not constitute an extraordinary circumstance for purposes of equitable tolling), cert. denied, 538 U.S. 1022 (2003)).

In this case, there is no case law to support Petitioner's assertion that equitable tolling is warranted due to counsel's alleged discontinuance of his appeal without

Petitioner's knowledge.[8]  Second, as stated above, mere attorney error or other mistake does not rise to the level of extraordinary circumstances so as to allow equitable tolling. Therefore, Petitioner's arguments that he is entitled to equitable tolling in this matter due to his PCRA counsel's conduct are without legal support and must fail.

However, even assuming <u>arguendo</u> that Petitioner's PCRA counsel's withdrawal of his collateral appeal or Petitioner's alleged actual innocence entitles Petitioner to the application of equitable tolling, this Court must also examine Petitioner's due diligence in pursuing the matter under the specific circumstances he faced.  <u>Traub v. Folino</u>, No. 04-386, 2004 WL 2252115, at *2 (E.D. Pa. Oct. 5, 2004) (citing <u>Schleuter v. Varner</u>, 384 F.3d 69 (3d Cir. 2004)) (affirming dismissal of habeas petition as time barred and not entitled to equitable tolling because lengthy periods of time had elapsed following his conviction before he sought relief).  It is Petitioner's burden to show that he acted with reasonable diligence and that

---

[8]  Petitioner relies on <u>Ragan v. Horn</u>, 538 F.Supp.2d 906 (E.D. Pa. 2008), in support of his claimed entitlement to equitable tolling, claiming that the Court in <u>Ragan</u> found that "egregious" attorney misconduct "constitutes extraordinary circumstance sufficient to warrant equitable tolling."  Memo of Law at p. 6.  However, <u>Ragan</u> is distinguishable from the instant matter because the petitioner in <u>Ragan</u> was found to have been reasonably diligent in pursuing federal habeas relief.  <u>Id.</u> at 912.  As we will discuss more fully below, Petitioner in this case was clearly not reasonably diligent in filing his federal habeas petition.

13

extraordinary circumstances caused his petition to be untimely.
Id.

Petitioner asserts that he only learned that his collateral appeal had been discontinued after he filed his second PCRA petition and the PCRA court informed him that the Superior Court discontinued his appeal, after his counsel filed a praecipe for allowance of appeal.  At the latest, Petitioner learned that his PCRA counsel had withdrawn his appeal on October 19, 2000. Despite Petitioner's admitted knowledge of his PCRA counsel's allleged ineffectiveness and abandonment by October of 2000, Petitioner chose to do nothing further to preserve his state or federal rights until February 1, 2006, when he filed his third PCRA petition.  Petitioner allowed over five years to pass after he learned that his collateral appeal had been withdrawn before taking any action whatsoever.  Further, once Petitioner finally decided to act to protect his rights, he filed a state PCRA petition, but failed to file a federal habeas petition until August 7, 2008, after the appeal of his third PCRA petition was dismissed and over seven years after he became aware that his collateral appeal had been withdrawn by his counsel.

There is no evidence that Petitioner pursued any action whatsoever on his own behalf in between the time he learned that his collateral appeal had been withdrawn and the time that he filed his third PCRA petition.  In short, Petitioner's failure to

14

pursue any action on his own behalf during the five year period between the time that he became aware of the withdrawal of his collateral appeal and the filing of his third PCRA petition demonstrates a lack of reasonable diligence in investigating and bringing his claims before this Court.  As stated by Respondents, under these circumstances, Petitioner cannot show that he was "pursuing his rights diligently," and that "some extraordinary circumstance stood in his way."  Resp. at p. 8, citing <u>Pace</u>, 544 U.S. at 418.  Thus, this is one of those situations where none of the factors for equitable tolling have been met.

Under the circumstances of this case, Petitioner did not act in a reasonably diligent fashion because a reasonably diligent petitioner would have acted promptly to preserve his rights not only in the state court, but also in *this* Court. Further, the facts of Petitioner's case negate his argument that his PCRA counsel's misconduct prevented him from timely filing a habeas petition.

We find that Petitioner has failed to make the threshold proffer necessary to justify this Court's further consideration of his demand for equitable tolling, much less to hold an evidentiary hearing.  <u>See</u> <u>Zettlemoyer v. Fulcomer</u>, 923 F.2d 284, 298 n.12 (3d Cir. 1991) (petitioner not entitled to evidentiary hearing based on "bald assertions and conclusory allegations"); <u>Mayberry v. Petsock</u>, 821 F.2d 179, 185 (3d Cir.

1987) (same), cert. denied, 484 U.S. 946 (1987); Brown, 669 F.2d
at 158 (petitioner bears burden as to all factual and procedural
requirements).  See generally Pace, 544 U.S. at 418 (petitioner
bears burden of demonstrating both entitlement to equitable
tolling and his due diligence).[9]

When a district court denies a habeas petition on
procedural grounds without reaching the underlying constitutional
claims, a certificate of appealability should issue only if (1)
the petition states a valid claim for the denial of a
constitutional right, and (2) reasonable jurists would find it
debatable whether the district court was correct in its
procedural ruling.  Slack v. McDaniel, 529 U.S. 473, 484 (2000).
In this case, reasonable jurists could not disagree that the
instant Petition is time-barred.  The Petition is statutorily
time-barred, and must be denied with prejudice and dismissed
without an evidentiary hearing.

Therefore, I make the following:

---

[9] Because the instant Petition is time-barred, this Report and
Recommendation will not address the merits of the claims raised in the
Petition.

16

**RECOMMENDATION**

AND NOW, this 26th day of November, 2008, IT IS RESPECTFULLY RECOMMENDED that the Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. section 2254 should be DENIED with prejudice and DISMISSED without an evidentiary hearing. There is no probable cause to issue a certificate of appealability.

The petitioner may file objections to this Report and Recommendation. See Local Civ. Rule 72.1. Failure to file timely objections may constitute a waiver of any appellate rights.

BY THE COURT:

/s/ Arnold C. Rapoport
ARNOLD C. RAPOPORT
United States Magistrate Judge

17